CR$^{\beta}$ 530

1 **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 Name RUTLEDGE , EUGENE D

(Last)        (First)        (Initial)

3 Prisoner Number F-79385   HIGH DESERT STATE PRISON

4 Institutional Address P.O. Box 3030, SUSANVILLE, CA. 96127

FILED

5

APR 2 8 2008

6 ==============================================

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7 UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8 EUGENE DARREL RUTLEDGE                    )

(Enter the full name of plaintiff in this action.)

**CV** 08  **2193**

9                                          )

vs.                          )    Case No. _____

10                                         )    (To be provided by the clerk of court)

11 A. FELKER , WARDEN OF HIGH         )

**CRB**

DESERT STATE PRISON, JERRY BROWN    )    **PETITION FOR A WRIT
OF HABEAS CORPUS**

12 ATTORNEY GENERAL OF THE STATE OF    )

**(PR)**

13 CALIFORNIA .                            )

14 (Enter the full name of respondent(s) or jailor in this action)  )    **E-filing**

15

16 ============================================== 

Read Comments Carefully Before Filling In

17 When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1   <u>Who to Name as Respondent</u>

2       You must name the person in whose actual custody you are. This usually means the Warden or

3   jailer. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14          ___ALAMEDA  SUPERIOR  COURT_____OAKLAND_____

15                 Court                          Location

16          (b)    Case number, if known _154409 ; 152773_

17          (c)    Date and terms of sentence _MAY 25, 2007   20 YEARS 4 MONTHS_

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)        Yes _X_    No _____

20                 Where?

21                 Name of Institution: _HIGH DESERT STATE PRISON_

22                 Address:  _P.O. BOX 3030, SUSANVILLE, CA. 96127_

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  _9 COUNTS OF CALIFORNIA PENAL CODE SECTION  212. 5 (C) ROBBERY 2nd_

27  _degree; 1 COUNT CALIFORNIA PENAL CODE SECTION 212. 5 (C) ATTEMPTED_

28  _ROBBERY 2nd degree; 1 CALIFORNIA PENAL CODE SECTION 667(A) PRIOR FEDERAL_
    _CONVICTION._

PET. FOR WRIT OF HAB. CORPUS       - 2 -

3. Did you have any of the following?

      Arraignment:                              Yes _X_    No _____

      Preliminary Hearing:                 Yes _X_    No _____

      Motion to Suppress:                 Yes _____   No _X_

4. How did you plead?

      Guilty _____    Not Guilty _X_    Nolo Contendere _____

      Any other plea (specify) _____ N/A _____

5. If you went to trial, what kind of trial did you have?

      Jury _X_    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?               Yes _____   No _X_

7. Did you have an attorney at the following proceedings:

      (a)   Arraignment               Yes _X_    No _____

      (b)   Preliminary hearing       Yes _X_    No _____

      (c)   Time of plea             Yes _X_    No _____

      (d)   Trial                  Yes _X_    No _____

      (e)   Sentencing             Yes _X_    No _____

      (f)   Appeal                Yes _X_    No _____

      (g)   Other post-conviction proceeding   Yes _____   No _X_

8. Did you appeal your conviction?         Yes _X_    No _____

      (a)   If you did, to what court(s) did you appeal?

             Court of Appeal             Yes _X_    No _____

             Year: 2007      Result: PENDING

             Supreme Court of California      Yes _____   No _X_

             Year: _____      Result:_____

             Any other court          Yes _X_    No _____

             Year: 06-08    Result: WRIT OF HABEAS CORPUS DENIED

      (b)   If you appealed, were the grounds the same as those that you are raising in this

1   petition?                                              Yes _____   No _X_

2         (c)   Was there an opinion?                      Yes _____   No _X_

3         (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                           Yes _____   No _X_

5               If you did, give the name of the court and the result:

6               _____ N/A _____

7                              _____ // _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes _X_   No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition.  You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15  U.S.C. §§ 2244(b).]

16        (a)   If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding.  Attach extra paper if you need more space.

18              I.    Name of Court: _CALIFORNIA COURT OF APPEALS, FIRST DISTRICT, DIVISION_
                     _FIVE_

19                    Type of Proceeding: _WRIT OF MANDATE / PROHIBITION (No. A117294_

20                    Grounds raised (Be brief but specific):

21                    a. _TRIAL COURT IN VIOLATION OF_ _CODE OF CIVIL PROCEDURE_
                     _SECTION 170.6 PEREMPTORY CHALLENGE TO RECUSE JUDGE_

22                    b. _DENIAL OF MOTION TO SET ASIDE, DENIED IN ABUSE_
                     _OF DISCRETION_

23                    c._____

24                    d._____ // _____

25                    Result: _PETITION DENIED_ _____ Date of Result: _04/12/07_

26              II.   Name of Court: _CALIFORNIA COURT OF APPEAL, FIRST DISTRICT,_
                     _DIVISION FIVE_

27                    Type of Proceeding: _WRIT OF HABEAS CORPUS (No. A117062)_

28                    Grounds raised (Be brief but specific):

1           a. _UNNESSARY DELAY IN VIOLATION OF PENAL CODE SECTION 825_

2           b. _PRELIMINARY EXAMINATION WAS HELD IN VIOLATION OF PENAL CODE SECTION 859b_

3           c._____

4           d._____ _//_ _____

5           Result: _PETITION DENIED_____ Date of Result: _03/23/07_

6     III.  Name of Court: _CALIFORNIA COURT OF APPEALS, FIRST DISTRICT,_
          _DIVISON FIVE_

7           Type of Proceeding: _WRIT OF HABEAS CORPUS (NO. A119351)_

8           Grounds raised (Be brief but specific):

9           a. _MOTION TO RECUSE TRIAL JUDGE DENIED ERRONOUSLY_

10          b. _APPOINTED COUNSEL INEFFECTIVE FOR FAILING TO LITIGATE DUE_
          _PROCESS VIOLATIONS AND SPEEDY TRIAL VIOLATIONS THAT EXISTED_

11          c._____

12          d._____ _//_ _____

13          Result: _PETITION DENIED_____ Date of Result: _11/02/07_

14     IV.  Name of Court: _CALIFORNIA SUPREME COURT_

15          Type of Proceeding: _WRIT OF HABEAS CORPUS_ (NO. _S156658; S158052; S160704_)

16          Grounds raised (Be brief but specific):

17          a. ~~CALIFORNIA SUBJECT~~ (_SEE ATTACHMENTS_)

18          b._____ _//_ _____

19          c._____ _//_ _____

20          d._____ _//_ _____

21          Result: _(SEE ATTACHMENT)_____ Date of Result: _____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                       Yes_____ No _X_

24           Name and location of court: ___ _N/A_ _____

25  B. GROUNDS FOR RELIEF

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

- ATTACHMENT PAGE -

(a) RELIEF SOUGHT IN ANY PROCEEDING OTHER THAN AN
APPEAL: CASE NO. B152658
IV. (CONTINUED)
GROUNDS RAISED
a. UNNECESSARY DELAY TO BRING PETITIONER TO A PROMPT PROBABLE
CAUSE DETERMINATION AND STATE CHARGE ARRAINMENT VIOLATED
DUE PROCESS UNDER STATE AND CONSTITUTION AND FEDERAL
CONSTITUTION. PETITIONER SOUGHT DISMISSAL OF CAUSE

b. PETITIONER'S PRELIMINARY EXAMINATION (NO. 517270) WAS HELD
IN VIOLATION OF STATE STATUTORY 60 DAYS OF PETITIONER'S ARRAIGNMENT
ON CRIMINAL NO. 517270, THIS VIOLATES DUE PROCESS STATE CONSTITUTION
AND FEDERAL CONSTITUTION. PETITIONER SOUGHT DISMISSAL OF CAUSE

c. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO SUPRESS
ILLEGALLY OBTAINED EVIDENCE. COUNSEL FAILURE PREJUDICED PETITIONER
PETITIONER SOUGHT REVERSAL OF CONVICTION.
d. COUNSEL OF RECORD FROM CRIMINAL DOCKET NO. 517270. 152773;
525397. 154409 RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL
WHERE PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED AND
STATE'S CONSTITUTIONAL SPEEDY TRIAL WERE VIOLATED ALSO. PETITIONER
SOUGHT DISMISSAL OF CAUSE.
e. COUNSEL APPOINTED WAS INEFFECTIVE FOR CONSENTING WITH
PROSECUTION TO A STATUTORY DISMISSAL UNDER PENAL CODE SECTION
1387.2 WERE PROSECUTION ABLE TO RE-FILE WHERE CONSTITUTIONAL
GROUNDS WERE AVAILABLE TO BAR PROSECUTION. PETITIONER SOUGHT
DISMISSAL OF CAUSE.
RESULT: PETITION DENIED        DATE OF RESULT: 09-12-07

PETITION FOR WRIT OF HABEAS CORPUS  - 5(a) -

— ATTACHMENT PAGE —

(a) RELIEF SOUGHT IN ANY PROCEEDINGS OTHER THAN AN APPEAL :

V. NAME OF COURT: SUPREME COURT OF CALIFORNIA
TYPE OF PROCEEDING : WRIT OF HABEAS CORPUS No. S158052
GROUNDS RAISED:

a. TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S MOTION UNDER CODE OF CIVIL PROCEDURES SECTION 170.6 AS BEING UNTIMELY, PETITIONER DUE PROCESS RIGHTS VIOLATED. PETITIONER SOUGHT REVERSAL OF CONVICTION AND NULL AND VOID ALL RULINGS.

b. COURT APPOINTED COUNSEL RENDERED PETITIONER INEFFECTIVE ASSISTANCE OF COUNSEL, WHERE FROM CRIMINAL DOCKETS Nos. 517270; 152773; 525397; 154409 ALL COUNSEL HAS FAILED TO LITIGATE DUE PROCESS AND SPEEDY TRIAL VIOLATIONS THAT EXISTED IN THE CRIMINAL CAUSE AGIANST PETITIONER. PETITIONER SOUGHT DISMISSAL OF CAUSE.

RESULT : PETITION DENIED          DATE OF RESULT 03-26-08

VI. NAME OF COURT : SUPREME COURT OF CALIFORNIA
TYPE OF PROCEEDING : WRIT OF HABEAS CORPUS No. S160704
GROUNDS RAISED :

a. COUNSELS OF RECORD RENDERED FEDERAL CONSTITUTIONALLY INEFFECTIVENESS FOR FAILING TO MOVE ON A SUPPRESSION MOTION ON ILLEGALLY OBTAINED EVIDENCE. COUNSEL FAILED TO CHALLENGE THE LEGALITY OF AN ILLEGAL ENTRY OF PETITIONER'S RESIDENCE BY OAKLAND POLICE AND DELIBRATLY CONCEALED IT FROM THE COURT CONSIDERING SEARCH WARRANT AFFIDAVIT. PETITIONER SOUGHT REVERSAL OF CONVICTION.

[CONTINUED NEXT PAGE]

PETITION FOR WRIT OF HABEAS CORPUS - 5(c) -

- ATTACHMENT PAGE -

(a) RELIEF SOUGHT IN ANY PROCEEDING OTHER THAN AN
APPEAL : (CONT.)

VI. GROUNDS RAISED (CONT.)

b. COURT APPOINTED COUNSEL RENDERED INEFFECTIVE ASSISTANCE
OF COUNSEL UNDER FEDERAL CONSTITUTION WHERE IN CRIMINAL
DOCKETS NO(S) 517270; 152773; 525387; 154409 PETITIONER
SUFFERED DUE PROCESS AND SPEEDY TRIAL RIGHTS VIOLATIONS OF
STATE AND FEDERAL CONSTITUTIONS, PETITIONER SOUGHT DISMISSAL
OF CAUSE AND REVERSAL OF CONVICTION.

C. COURT APPOINTED RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL
UNDER FEDERAL CONSTITUTION WHERE IN CRIMINAL DOCKETS
NO(S) 517270; 152773; 525387; 154409 PETITIONER SUFFERED
A VIOLATION OF DUE PROCESS OF THE LAW WHERE PETITIONER'S
RIGHT TO CONFRONT WITNESSES AGAINST HIM UNDER THE
SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WAS
DENIED. PETITIONER SOUGHT REVERSAL OF CONVICTION AND
DISMISSAL

d. PETITIONER WAS DEPRIVED OF HIS RIGHTS UNDER FEDERAL
CONSTITUTION WHERE PROSECUTION FAILED TO DISCLOSE EXCULPATORY
EVIDENCE, AND COURT EXCLUDED EXCULPATORY EVIDENCE THAT
WAS MATERIAL TO PETITIONER'S GUILT BEING NEGATED, AND
WOULD REDUCED CULPABILITY OF GUILT AT PETITIONER'S
TRIAL HAD EXCULPATORY EVIDENCE BEEN AVAILABLE TO BE
INTRODUCED AT THE TRIAL OF PETITIONER, PETITIONER SOUGHT
REVERSAL OF CONVICTION AND DISMISSAL OF CAUSE WITH PREJUDICE
AGAINST PROSECUTION.

[CONTINUES]

PETITION FOR WRIT OF HABEAS CORPUS - 5(d) -

— ATTACHMENT PAGE —

(a) RELIEF SOUGHT IN ANY PROCEEDING OTHER THAN AN
APPEAL : (CONT.)
   GROUNDS RAISED (CONT.)
VI. e. TRIAL COURT DENIAL OF PETITIONER'S MOTION TO
RECUSAL/DISQUALIFY, AND HIS MOTION TO SET ASIDE TRIAL
INFORMATION AGAINST HIM WAS AN ABUSE OF DISCRETION
AND VIOLATES PETITIONER'S CONSTITUTIONAL RIGHT TO DUE
PROCESS UNDER UNITED STATES CONSTITUTION. PETITIONER SOUGHT
REVERSAL OF CONVICTION AND DISMISSAL WITH PREJUDICE

f. COURT APPOINTED COUNSEL RENDERED INEFFECTIVE ASSISTANCE
OF COUNSEL UNDER FEDERAL CONSTITUTION WHERE IN CRIMINAL
DOCKET NO(S). 517270; 152773; 525397; 154409 WHERE
PETITIONER SUFFERED DUE PROCESS LAW VIOLATIONS WHERE
A PROMPT PROBABLE CAUSE DETERMINATION REQUIREMENT WAS
NOT COMPLIED WITH AFTER A WARRENTLESS ARREST OF
PETITIONER FOR ROBBERY, AND DELAY WHERE DELAY WAS
UNNESSARY AND INTENTIONAL TO GAIN TACTICAL ADVANTAGE OVER
THE PETITIONER. COURT APPOINTED COUNSEL FAILED TO CHALLENGE
THE VIOLATION ON A MOTION TO SET ASIDE. PETITIONER SOUGHT
REVERSAL OF CONVICTION AND A DISMISSAL OF CAUSE.

g. COURT APPOINTED COUNSEL RENDERED INEFFECTIVE ASSISTANCE
OF COUNSEL TO PETITIONER BY HAVING A CONFLICT OF INTEREST
ISSUE OF PETITIONER'S MENTAL COMPETENCY, WHERE PETITIONER
HAD NO MENTAL ILLNESS OR SHOWS ANY SIGN OF MENTAL
INCOMPETENCY OR DEVELOPEMENT OF A MENTAL DISABILITY
THIS PREJUDICED PETITIONER RIGHT TO EFFECTIVE COUNSEL UNDER
THE FEDERAL CONSTITUTION. PETITIONER SOUGHT REVERSAL OF CONVICTION
AND DISMISSAL OF CAUSE. [ CONTINUED ]

          PETITION FOR WRIT OF HABEAS CORPUS — 5(e) —

— ATTACHMENT PAGE —

(a) RELIEF SOUGHT IN ANY PROCEEDURE OTHER THAN AN
APPEAL : (CONT.)

VI. g. RESULT : PETITION ORDERED STRICKEN AND WAS
ORDERED FILED AS A SUPPLEMENTAL TO PETITION FOR
WRIT OF HABEAS CORPUS NO. 515805 WHICH WAS DENIED
MARCH 26, 2008.          DATE OF RESULT 03-04-08

" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 

PETITION FOR WRIT OF HABEAS CORPUS - 5(F) —

1  need more space. Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One: COUNSEL OF RECORD RENDERED PETITIONER FEDERAL CONSTITU-

6  TIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL. [SEE ATTACHMENT]

7  Supporting Facts:  [SEE ATTACHMENT.]

8                              //

9                              //

10                             //

11  Claim Two:  [SEE ATTACHMENT]

12                             //

13  Supporting Facts:  [SEE ATTACHMENT]

14                             //

15                             //

16                             //

17  Claim Three:  [SEE ATTACHMENT]

18                             //

19  .   Supporting Facts:  [SEE ATTACHMENT]

20                             //

21                             //

22                             //

23       If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25             N/A

26                      //

27                      //

28                      //

— ATTACHMENT PAGE —

B. GROUNDS FOR RELIEF

CLAIM ONE: [CONT.] INEFFECTIVE ASSISTANCE OF COUNSEL WAS RENDERED WHERE COUNSEL FAILED TO MOVE ON A SUPPRESSION MOTION ON ILLEGALLY OBTAINED[NLED] EVIDENCE. COUNSEL FAILED TO CHALLENGED THE LEGALITY OF AN ILLEGAL SEARCH AND ENTRY OF PETITIONER'S RESIDENCE BY THE OAKLAND POLICE AND DELIBERATELY CONCEALED IT FROM THE COURT CONSIDERING THE SEARCH WARRANT AFFIDAVIT. PETITIONER SEEKS REVERSAL OF CONVICTION, BECAUSE OF COUNSEL'S FAILINGS THERE IS A REASONABLE PROBABILITY THAT RESULTS WOULD HAVE BEEN IN THE PETITIONER'S FAVOR.

SUPPORTING FACTS: ON MARCH 8, 2006 OAKLAND POLICE RECIEVED AN ANONYMOUS CALL REGARDING A NEWPAPER ARTICLE SEEKING ANY INFORMATION OR AN IDENTITY OF A ROBBERY SUSPECT. THE CALLER (WHO REMAINED UNKNOWN) STATED THAT PETITIONER WAS THE SUSPECT IN THE NEWSPAPER ARTICLE, OAKLAND POLICE RAN PETITIONER'S NAME THROUGH IT'S COMPUTER SYSTEM AND FOUND A BENCH WARRANT (FEDERAL) FOR A FAILURE TO APPEAR AT A PROBATION VIOLATION HEARING. OAKLAND POLICE SENT OFFICERS TO ARREST PETITIONER FOR THE FEDERAL BENCH WARRANT (NO. CR-03-40116 CW), BUT WHEN OFFICERS ARRIVED TO PETITIONER'S RESIDENCE, PETITIONER WAS OUTSIDE OF HIS RESIDENCE, OFFICER WALKER ARRESTED PETITIONER AND PLACED HIM INTO HIS PATROL CAR (POLICE REPORT NO. 06-022056) WHILE PETITIONER WAS PLACED IN HIS CAR (POLICE REPORT NO. 06-022056) OFFICER WALKER AND OTHER OFFICERS ENTERED AND SEARCHED PETITIONER RESIDENCE WITHOUT A WARRANT. WHERE AFTERWARD SGT. A. PEREZ SOUGHT A SEARCH WARRANT AND FAILED TO INFORM THE COURT CONSIDERING THE SEARCH WARRANT AFFIDAVIT ABOUT THE WARRANTLESS ENTRY AND SEARCH BY HIS OFFICERS HE SENT, PETITIONER'S APPOINTED COUNSEL FAILED TO MOVE FOR A SUPPRESSION MOTION OR CHALLENGE THE LEGALITY OF THE WARRANTLESS SEARCH AND ENTRY OR THE OMISSIONS [CONT.]

— ATTACHMENT PAGE —

[CONT.] THAT SGT. A PEREZ DID NOT SUBMIT IN THE
AFFIDAVIT FOR SEARCH WARRANT. (SEE CASE NOTE 06-011874;
AFFIDAVIT FOR SEARCH WARRANT)

CLAIM TWO: COURT APPOINTED COUNSEL RENDERED INEFFECTIVE
ASSISTANCE OF COUNSEL UNDER FEDERAL CONSTITUTION WHERE IN
CRIMINAL DOCKET NO(S). 517270; 152773; 525327; 154409
PETITIONER SUFFERED DUE PROCESS AND SPEEDY TRIAL RIGHTS
VIOLATIONS OF STATE AND UNITED STATES CONSTITUTIONS. PETITIONER
SEEKS REVERSAL OF CONVICTION AND DISMISSAL OF CONVICTION.

SUPPORTING FACTS: ON MARCH 8, 2006 PETITIONER WAS ARRESTED (SEE
CASE NOTES NO. 06-011874; 06-019306; 06-014545; 06-011760)
FOR ROBBERY. ON MARCH 13, 2006 PETITIONER WAS ARRIGNIED AND
GIVEN A PROMPT PROBABLE CAUSE DETERMINATION FOR MARCH 8, 2006
WARRANTLESS ARREST. PETITIONER WAIVED NO RIGHT FOR A PRELIMINARY
EXAMINATION IN 60 DAYS OF HIS ARRAIGNMENT. ON JUNE 5, 2006 PETITIONER'S
PRELIMINARY EXAMINATION WAS SET WITH NO EXSPLAINATION FOR THE UNNESSARY
DELAY. ON JUNE 29, 2006 AN TRIAL INFORMATION WAS FILED, WHERE ON
AUGUST 2, 2006 (TWO DAYS AFTER A MARSDEN HEARING AGIANST COUNSEL 07-31-06
BY PETITIONER) COUNSEL (APPOINTED) MADE A MOTION FOR PETITIONER TO
BE EVALUATED FOR COUNSEL'S BELIEF THAT PETITIONER HAD A MENTAL
INCOMPENTECY TO PROCEED AND ASSISTANCE IN HIS DEFENSE. PROSECUTION
MADE NO OBJECTION, AND PETITIONER HAD TO EVALUATIONS COMPLETED
WHICH REFLECTED THAT PETITIONER WAS CONFIDENT TO STAND TRIAL
AND ASSIST HIS DEFENSE. ON OCTOBER 25, 2006 AFTER THE COURT
MADE A FINDING OF PETITIONER BEING COMPETENT, COURT GAVE THE
PROSECUTION 60 DAYS TO BRING PETITIONER TO TRIAL, BUT THE
PROSECUTION REQUEST NONE OF THE 60 DAYS WHAT SO EVER. ON
DECEMBER 13, 2006 WHILE PETITIONER WAS MOVING TO RECUSE
THE TRIAL JUDGE BECAUSE TRIAL JUDGE HAD VIOLATED PETITIONER'S

- ATTACHMENT PAGE -

[CONT.] SPEEDY TRIAL RIGHTS AND FOR BIASNESS FOR REQUIRING
PETITIONER TO BE EVALUATED FOR MENTAL INCOMPETENCY. THE TRIAL
JUDGE GRANTED PETITIONER'S RECUSAL MOTION AND STATED ON THE
RECORD THAT LEGAL ERROR WAS MADE ON HIS PART. ON THE
SAME HEARING AND RECORD APPOINTED COUNSEL STATED THAT
COUNSEL KNEW PETITIONER WANTED A DISMISSAL ON HIS RIGHTS
OF BOTH STATE STATUTORY AND CONSTITUTION RIGHTS TO SPEEDY
TRIAL BEING VIOLATED AND FOR HIS UNITED STATES CONSTITUTION
SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL BEING VIOLATED
BY THE COURT. ON DECEMBER 19, 2006 COUNSEL AND THE
PROSECUTION MADE AN AGREEMENT TO DISMISS THE CRIMINAL
CAUSE, No. 152773 TO REFILE. THE COUNSEL (APPOINTED)
HAD NO CONSENT FROM PETITIONER TO CONDUCT ANY AGREEMENT
FOR A REFILING OF THE CRIMINAL CAUSE, AND ON THAT DATE
CAUSE WAS DISMISSED TO REFILE AND CRIMINAL DOCKEST
No. 525597 WAS FILED (12-19-06) CHARGING PETITIONER
WITH 19 COUNTS OF ROBBERY. ON JANUARY 5, 2006 COUNSEL
ALLOWED FOR AN UNNESSARY CONTINUANCE TO OCCUR AT THE
PRELIMINARY EXAMINATION FOR PROSECUTION WHERE NO GOOD
CAUSE WAS AVAILABLE FOR IT. COUNSELS THAT WERE APPOINTED
TO PETITIONER NEVER MADE MOTIONS FOR THE SUBSTANTIAL RIGHTS
THAT WERE IN VIOLATION OF PETITIONER'S STATE AND FEDERAL
CONSTITUTIONAL RIGHTS TO DUE PROCESS, FAIR TRIAL, AND SPEEDY
TRIAL, WHICH ARE GROUNDS FOR A DISMISSAL. THERE IS A
REASONABLE PROBABLITY THAT FOR COUNSEL(S) FAILINGS THE
RESULT WOULD BEEN FAVORABLE FOR PETITIONER, WHERE NOW
PETITIONER HAS BEEN PREJUDICED.

— ATTACHMENT SHEET —

GROUNDS FOR RELIEF: [CONT.]

CLAIM THREE: APPOINTED COUNSEL RENDERED INEFFECTIVE
ASSISTANCE OF COUNSEL UNDER FEDERAL CONSTITUTION WHERE
IN CRIMINAL DOCKETS NO(S). 517270; 152773; 525327;
154409 PETITIONER SUFFERED THE VIOLATIONS OF DUE PROCESS
OF LAW AND RIGHT TO CONFRONT ALL WITNESSES AGAINST
HIM, UNDER THE SIXTH AMENDMENT OF THE UNITED STATES
CONSTITUTION, AND THE FIFTH AND FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION. PETITIONER SEEKS A
REVERSAL OF CONVICTION AND DISMISSAL OF CHARGES, BECAUSE [CAUSE]
OF COUNSEL'S FAILING IN MAKING MOTIONS FOR THE VIOLATIONS
OF PETITIONER'S CONSTITUTIONAL RIGHTS, THERE IS A REASONABLE
PROBABILITY THAT RESULT WOULD HAVE BEEN FAVORABLE
FOR PETITIONER.

SUPPORTING FACTS: ON MARCH 8, 2008 OAKLAND POLICE
RECEIVED AN ANONYMOUS CALL WHERE CALLER STATED THAT
PETITIONER WAS THE ROBBERY SUSPECT IN A NEWS PAPER
ARTICLE SEEKING INFORMATION OR IDENTITY OF ROBBERY
SUSPECT. AFTER RUNNING PETITIONER'S NAME AFTER
THE ANONYMOUS CALL, OAKLAND POLICE RAN PETITIONER'S
NAME ON THEIR COMPUTER SYSTEM AND FOUND THAT
THERE WAS A FEDERAL BENCH WARRANT FOR PETITIONER'S
ARREST FOR FAILURE TO APPEAR AT A VIOLATION OF SUPERVISE
RELEASE CONDITIONS. OAKLAND POLICE SENT OFFICER TO
ARREST PETITIONER FOR THE BENCH WARRANT, BUT INTENTED
TO ARREST PETITIONER FOR ROBBERY. AT CRIMINAL DOCKET
NO. 517270 PROSECUTION DID NOT DISCLOSE THE IDENTITY
OF THE ANONYMOUS CALLER AND HAD REASON TO BECAUSE
CALLER WAS MATERIAL FOR OAKLAND POLICE'S PROBABLE

PETITION FOR WRIT OF HABEAS CORPUS — 6(e) —

— ATTACHMENT PAGE —

[CONT.] CAUSE TO ARREST PETITIONER FOR ROBBERY CHARGE'S
AND FOR A SEARCH WARRANT OF PETITIONER'S RESIDENCE.
ALSO OFFICERS WHO WERE SENT TO PETITIONER'S RESIDENCE,
STATED THAT IT WAS BECAUSE OF CALLER STATEMENT THAT
PETITIONER WAS THIER SUSPECT THE ENTERED AND SEARCHED
PETITIONER'S RESIDENCE WITHOUT A WARRANT. (SEE CASE NOTES
NO(S). 06-011874; OAKLAND POLICE REPORT NO. 06-022056;
SGT. A. PEREZ'S AFFIDAVIT FOR SEARCH WARRANT). CALLER
WAS MATERIAL IN PETITIONER'S PRELIMINARY EXAMINATIONS OF
CRIMINAL DOCKETS NO(S). 517270 AND 525327 AND IN
DOCKET NO 154404 TRIAL PROCEEDINGS. PROSECUTION HAS
HAD A PHONE NUMBER TO GET IN CONTACT AND COULD OF
DISCLOSED THE ANONYMOUS IDENTY. COUNSEL FAILED TO A
MOTION COMPLAINING ABOUT THE DEPRIVEMENT OF PETITIONER'S
RIGHT TO CONFRONT THE WITNESS AGAINST HIM AND THE FAILURE
HAS PREJUDICED HIM. BECAUSE OF COUNSEL'S FAILINGS IT
IS A REASONABLE PROBABILITY THAT THE RESULTS WOULD
HAVE BEEN FAVORABLE FOR THE PETITIONER.


CLAIM FOUR: PETITIONER WAS DEPRIVED OF DUE PROCESS
OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION WHERE PROSECUTION
FAILED TO DISCLOSE EXCLUPATORY EVIDENCE, AND COURT
EXCLUED THE EXCLUPATORY EVIDENCE OF AN IDENTIFICATION
TESTIMONY THAT NEGATED GUILT OF PETITIONER BEING
THE ROBBER IN THE CRIMINAL CAUSE. THE EXCLUDED EXCLUPATORY
IDENTIFICATION TESTIMONY WOULD OF REDUCED CULPABILITY OF
GUILT AT PETITIONER'S TRIAL. HAD THE EXCLUPATORY
EVIDENCE HAD BEEN AVALIABLE TO BE INTRODUCED AT
PETITIONERS TRIAL, THIS IS A VIOLATION OF PETITIONER'S
RIGHT TO A FAIR TRIAL UNDER THE SIXTH AMENDMENT

— ATTACHMENT PAGE—

[CONT.] OF THE UNITED STATES CONSTITUTION. PETITIONER SEEKS
REVERSAL OF CONVICTION AND DISMISSAL OF CAUSE.

SUPPORTING FACTS: ON JUNE 15, 2006 AT CRIMINAL DOCKET
NO. 517270 PRELIMINARY EXAMINATION THE PROSECUTION
BROUGHT TO THE STAND WAS COMPLAINING WITNESS SANDROS
LA FARGUE, SHE WAS SWORN ON BEHALF OF THE PROSECUTION
AND WAS TESTIFING ABOUT THE ROBBERY THAT OCCURED
JANUARY 5, 2006, WHERE SHE WAS THE VICTIM ROBBED. DURING
HER TESTIMONY THE PETITIONER WAS SHEILDED BY A BLACK-
BOARD BECAUSE LA FARGUE HAD NOT ATTENDED THE LINE UP
OF MARCH 10, 2006 WHICH HER CO-WORKERS HAD ATTENDED
AND WHERE PETITIONER WAS PICKED AS THE SUSPECT. LA FARGUE
HAD CO-WORKERS WHO WERE ROBBED ON OTHER CAUSES CHARGED
AGAINST PETITIONER. AFTER LA FARGUE HAD COMPLETED HER
TESTIMONY THE PROSECUTION REMOVED THE BLACK BOARD,
AND WAS ASKED IF SHE COULD IDENTIFY THE ROBBERY SUSPECT
IN THE COURTROOM. AT THIS TIME THE PETITIONER WAS THE
ONLY PERSON DRESSED IN JAIL CLOTHING ON THE DEFENSE SIDE
OF THE COURTROOM. LA FARGUE WHOSE STATEMENT
WRITTEN AND WHOSE ORAL TESTIMONY WAS SHE COULD BE
ABLE TO IDENTIFY THE ROBBERY SUSPECT IF SEEN AGIAN
LOOK AT THE PETITIONER AND STATED THAT SHE DID NOT
SEE THE ROBBERY SUSPECT IN THE COURTROOM. AFTER
BEING ASKED AGIAN BY PROSECUTION AND BY THE DEFENSE
WAS SHE SURE, LA FARGUE STATED SHE WAS SURE. THIS TESTIMONY
AND NON-IDENTIFICATION WAS EXCLUDED OUT OF THE RECORD
AND PRESJUDICED PETITIONER OF A FAIR TRIAL, WHERE THE
NON-IDENTIFICATION POSSES EXCULPATORY VALUE AND OF
SUCH A NATURE THAT PETITIONER WAS UNABLE TO
OBTAIN THE EXCULPATORY EVIDENCE BY OTHER MEANS,

PETITION FOR WRIT OF HABEAS CORPUS — 6(g)—

— ATTACHMENT PAGE

[ CONT. ] THIS INCLUDES APPOINTED COUNSEL ASSISTANCE IN
OBTAINING THE EXCLUPATORY EVIDENCE. THERE IS REASONABLE
PROBABLITY OF A DIFFERENT OUTCOME THAT OF LA FARGUE'S
NON-IDENTIFICATION WAS NOT EXCLUDED COULD OF REASONABLY
TAKEN TO PUT THE WHOLE TRIAL IN A DIFFERENT LIGHT AS
TO UNTERMINE ANY CONFIDENCE IN PETITIONER'S TRIAL VERDICT.


CLAIM FIVE : TRIAL COURT'S DENIAL OF PETITIONER'S MOTION
TO RECUSE/DISQUALFY PURSUANT TO CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 170-6 PEREMATORY CHALLENGE, AND PETITIONER'S
MOTION TO SET ASIDE TRIAL CRIMINAL DOCKERT NO. 154409
WAS AN ABUSE OF DISCREATION AND VIOLATES PETITIONER'S
CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER FIFTH AND
FOURTHTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
PETITIONER IS PREJUDICES BY TRIAL COURT'S RULING OF PETITIONER'S
MOTION BEING CONTINUYEED AND RULING ON PETITIONER'S MOTION
TO SET ASIDE WITHOUT ANY FINDING OF FACT OR LAW, PETITIONER
SEEKS FOR REVERSAL OF CONVICTION AND A DISMISSAL OF
CAUSE.


SUPPORTING FACTS : ON JANUARY 22, 2007 CRIMINAL DOCKERT
NO 154409 PETITIONER WAS ARRAINGED FOR ROBBERY
COUNTS. ON MARCH 12, 2007 JUDGE JULIE CONGER WAS
ASSIGNED AS TRIAL JUDGE OF CRIMINAL DOCKERT NO. 154409.
ON MARCH 13, 2007 PETITIONER MADE HIS FIRST APPEARANCE
IN JUDGE CONGER'S COURTROOM, WHERE PETITIONER ADVISE
APPOINTED COUNSEL OF DESIRE TO HAVE JUDGE CONGER
RECUSED/DISQUALIFIED. COUNSEL AFTER A IN CHAMBERS
CONFERANCE INFORMED OFF RECORD THAT JUDGE CONGER
HAD DENIED THE MOTION. ON MARCH 14, 2007 COUNSEL (APPOINTED)
INDICATED ON RECORD OF CRIMINAL DOCKERT NO-154409

PETITION FOR WRIT OF HABEAS CORPUS — 6 (h)

– ATTACHMENT PAGE –

[CONT.] THAT PETITIONER WISHED TO MOVE TO DISQUALIFY JUDGE CONGER BASED ON HER RULING IN A MARSDEN HEARING IN THE CRIMINAL DOCKET NO. 152773 WHERE SHE MADE COMMENTS LIKE THAT A GOOD GROUND FOR AN APPEAL AND DENIES THE MARSDEN MOTION WHICH KEPT THE COUNSEL WHO MOVED TO HAVE PETITIONER EVALUATED FOR COUNSEL'S BELIEF THAT PETITIONER SUPPOSE TO HAD A MENTAL INCOMPETENCY. AND ALSO BASED ON THE RIGHT TO LITIGATE A PEREMPTORY CHALLENGE TO RECUSE JUDGE CONGER OFF AS TRIAL JUDGE, THIS IS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURES SECTION 170-6. JUDGE CONGER FIRST WITH APPOINTED COUNSEL MISSTATES THE LAW WHERE PETITIONER HAS A RIGHT TO EXERCISE THE PEREMPTORY CHALLENGE. JUDGE CONGER STATES THAT ONLY APPOINTED COUNSEL HAS THE RIGHT TO EXERCISE THE CHALLENGE. APPOINTED COUNSEL STATED THAT IT WAS NOT HER POSITION FOR AN EXERCISE OF THE CHALLENGE OR HER DESIRE. LATER ON OF MARCH 14, 2006 TRIAL SESSION THE TRIAL JUDGE REALIZED THAT PETITIONER CAN EXERCISE A CODE OF CIVIL PROCEDURE SECTION 170-6 PEREMPTORY CHALLENGE TO RECUSE JUDGE CONGER. AND FURTHER MISSTATES THE LAW WHERE SHE BASES HER DENIAL ON THE PEREMPTORY CHALLENGE BEING MADE TWO DAYS AFTER SHE WAS ASSIGNTED TO THE CAUSE AS TRIAL JUDGE, AND ALTHOUGH COUNSEL WAS ADVISED MARCH 13, 2006 THE FIRST APPEARANCE PETITIONER APPEARED BEFORE JUDGE CONGER THAT HE DESIRE HER RECUSED. THE MOTION, BY JUDGE CONGER'S RULING SHOULD OF BEEN MADE BY PETITIONER ON HIS FIRST APPEARANCE BEFORE HER. AND ALTHOUGH COUNSEL WAS ADVISED THAT DAY, FROM JUDGE JULIE CONGER'S RULING PETITIONER HAD TO MAKE THE MOTION HIMSELF. THIS COMES AFTER

PETITION FOR WRIT OF HABEAS CORPUS - 6(i) -

— ATTACHMENT PAGE —

[CONT.] JUDGE CONSER STATED EARLY IN THE HEARING THAT ONLY APPOINTED COUNSEL COULD MAKE THE CHALLENGE, BUT STILL CODE OF CIVIL PROCEDURES SECTION 170.6 READS "IF DIRECTED TO THE TRIAL OF A CAUSE WHICH HAS BEEN ASSIGNED TO A JUDGE FOR ALL PURPOSES, THE MOTION SHALL BE MADE TO THE ASSIGNED JUDGE OR PRESIDING JUDGE BY A PARTY WITHIN 10 DAYS AFTER NOTICE OF THE ALL PURPOSE ASSIGNMENT, OR IF THE PARTY HAS NOT YET APPEARED IN THE ACTION, THEN WITHIN 10 DAYS AFTER THE APPEARANCE" AND LEAVES JUDGE JULIE CONSER MISSTATING THE LAW WHICH DEPRIVES PETITIONER OF DUE PROCESS OF LAW UNDER UNITED STATES CONSTITUTION AND HAS PETITIONER PREJUDICED BY JUDGE JULIE CONSER ERRONEOUS DENIAL OF THE PEREMPTORY CHALLENGE MOTION. BECAUSE OF THE ACTIONS OF JUDGE CONSER IT IS A REASONABLE PROBABILITY THAT THE RESULTS WOULD BE FAVORABLE FOR THE PETITIONER.

CLAIM SIX: COURT APPOINTED COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL UNDER FEDERAL CONSTITUTIONAL RIGHT OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHERE PETITIONER SUFFERED A PREJUDICE TO HIS DUE PROCESS OF LAW RIGHTS, WHERE HE WAS NOT BROUGHT TO A PROMPT PROBABLE CAUSE DETERMINATION AFTER HIS WARRANTLESS ARREST BY OAKLAND POLICE FOR ROBBERY. THERE WAS AN UNNECESSARY DELAY AND INTENTIONALLY DONE TO GAIN A TACTICAL ADVANTAGE OVER THE PETITIONER. APPOINTED COUNSEL FAILED TO CHALLENGE THE VIOLATION ON A MOTION TO SET ASIDE AND HAS PREJUDICED THE PETITIONER. PETITIONER SEEKS REVERSAL OF CONVICTION AND DISMISSAL OF CAUSE, BECAUSE OF COUNSEL'S FAILINGS IT IS A REASONABLE PROBABILITY THAT THE RESULTS WOULD HAVE BEEN FAVORABLE FOR PETITIONER.

PETITION FOR WRIT OF HABEAS CORPUS - 6 (j) —

~ ATTACHMENT PAGE ~

[CONT.]

SUPPORTING FACTS: ON MARCH 8, 2006 OAKLAND POLICE
ARRESTED PETITIONER FOR ROBBERY WARRANTLESS, ON MARCH
10, 2006 PETITIONER WAS PLACED INTO A (SUGGESTIVE) LINEUP,
IT WAS 7:15 PM AND PETITIONER HAD NOT BEEN ARRAIGNED
FOR THE WARRANTLESS ARREST OF ROBBERY ON MARCH 8, 2006.
ON MARCH 13, 2006 PETITIONER WAS ARRAIGNED FOR MULTIPLE
COUNTS OF ROBBERY AND SUPPOSE IT HAD A PROMPT PROBABLE
CAUSE DETERMINATION THAT SAME DAY. THE COURT APPOINTED
COUNSEL FAILED TO MAKE ANY MOTIONING TO SUPPRESS
THE (SUGGESTIVE) LINEUP ON THE BASIS OF AN UNNECESSARY
DELAY WAS INTENTIONALLY MADE TO GAIN TACTICAL ADVANTAGE
OVER PETITIONER TO PARTICIPATE IN THE LINEUP AFTER A
PROMPT PROBABLE CAUSE DETERMINATION SHOULD OF BEEN
CONDUCTED TO FURTHER RESTRAIN PETITIONER IN CUSTODY.
THE LINEUP THAT WAS CONDUCTED MARCH 10, 2006 WAS
FOR THE PURPOSE TO PROVIDE EVIDENCE TO PROSECUTE
PETITIONER, WHERE THE IDENTIFICATIONS OF THE (SUGGESTIVE)
LINEUP WAS USED AS CHIEF EVIDENCE TO PROSECUTE THE
PETITIONER. BECAUSE OF COUNSEL'S FAILURES IT IS A REASONABLE
PROBABILITY THAT THE RESULTS WOULD HAVE BEEN FAVORABLE
FOR PETITIONER.

CLAIM SEVEN: COURT APPOINTED COUNSEL RENDERED INEFFECTIVE
ASSISTANCE OF COUNSEL TO PETITIONER BY HAVING A
CONFLICT OF INTEREST AGAINST PETITIONER'S MENTAL
COMPETENCY, WHERE NO MENTAL ILLNESS EXISTED, OR WHERE
NO SIGN OF MENTAL INCOMPETENCE, OR ANY DEVELOPMENT
OF A MENTAL DISABILITY EXISTED TO HOLD CONCERN TO
MOTION COURT TO HAVE THE PETITIONER EVALUATED. THE
COURT APPOINTED COUNSEL VIOLATED PETITIONER RIGHT

PETITION FOR WRIT OF HABEAS CORPUS ~ 6(k) ~

— ATTACHMENT PAGE —

[CONT.] TO EFFECTIVE COUNSEL UNDER THE SIXTH AMENDMENT
AND FOURTEENTH AMENDMENT OF THE UNITED STATES
CONSTITUTION. PETITIONER SEEKS REVERSAL OF CONVICTION
AND DISMISSAL OF CAUSE.

SUPPORTING FACTS : AFTER A July 31, 2006 MARSDEN HEARING
WHICH WAS HELD TO DETERMINE IF COUNSEL SHOULD BE
EXCUSSED, APPOINTED COUNSEL TONY L CHENG HAD A CONFLICT
OF INTEREST AGIANST PETITIONER. ON AUGUST 2, 2006 COUNSEL
WENT IN TO COURT ABSENT PETITIONER BEING PRESENT
AND MADE A MOTION FOR PETITIONER TO BE EVALUATED
BECAUSE COUNSEL BASED A SUPPOSE OT REVIEW OF FILES
AND CONVERSATIONS HAD A ALLEGED DOUBT AS TO PETITIONER'S
MENTAL COMPETENCY. PETITIONER'S STATE AND FEDERAL
SPEEDY TRIAL RIGHT WERE SET ASIDE FROM AUGUST 2, 2006
TO OCTOBER 25, 2006 WERE PETITIONER WAS FOUND COMPETENT
TO STAND TRIAL. THE JUDGE WHO GRANTED COUNSEL'S MOTION
FOR PETITIONER TO BE EVALUATED STATED ON DECEMBER 18, 2006
THAT HAD HE LOOKED AT THE SUPPOSE OT FILE COUNSEL BASED
HIS GROUNDS ON, THE JUDGE WOULD HAVE SEEN THAT PETITIONER
HAD NO PSYCHIATRIC BACKGROUND, AND THE COUNSEL MOTION
WAS BASED ON A DISAGREEMENT IN TACTICS, THE JUDGE
FURTHER STATED NOTHING IN THE COURT RECORD, PETITIONER'S
PAST HISTORY OR ANYTHING CURRENT THAT SHOWED THAT
PETITIONER WAS INCOMPETENT IN THE SENCE OF HIS ABILITY
TO CHOOSE WHICH LEGAL TACTIC HE DESIRED TO TAKE. (SEE
CRIMINAL DOCKECT NO. 152773, DECEMBER 18, 2006 TRANSCRIPT
Pgs 1-3 LINE 1-19). ON OCTOBER 25, 2006 PETITIONER WAS
APPOINTED ANDREW AURE AT THE TIME OF THE COURT
RULING PETITIONER WAS MENTALLY COMPETENT. COUNSEL
SHOWED CONFLICT OF INTEREST AGIANST PETITIONER AS WELL

PETITION FOR WRIT OF HABEAS CORPUS - 6(1) -

— ATTACHMENT PAGE —

[CONT.] WHERE PETITIONER IN CRIMINAL DOCKET NO. 152773
AND ALSO IN CRIMINAL DOCKET NO. 525397 MADE ATTEMPTS
TO HAVE COUNSEL EXCUSED THROUGH MARSDEN HEARINGS. WITH
NEGATIVE RESULTS PETITIONER HAD TO GO THROUGH HIS
TRIAL PROCESS WITH COUNSEL WHO HELD AN APPOINTED COUNSEL
WHO HELD A CONFLICT OF INTEREST AGAINST PETITIONER. ON
MAY 14, 2007 COURT APPOINTED COUNSEL WROTE A LETTER
TO DEPUTY PROBATIONAL OFFICER ENRIQUEZ CISNEROS REGARDING
SUPPOSE IT ON PETITIONER BE HALF, BUT CLEARLY AND PREJUDICIALLY
DESCRIBES HIM HAVING AN UNREMITTINGLY MENTAL ILLNESS
WHICH IS UNTREATED. COUNSELOR AGIN IN A LETTER DATED MAY
24, 2007 TO THE TRIAL JUDGE JULIE CONGER STATES THAT
PETITIONER'S EVALUATION BY TWO PSYCHIATRISTS FAILES
TO SUPPOSE IT GRASP THAT PETITIONER'S OPPRESSIVE
PERSONALITY DISORDER WAS SINGULAR FIXATED ON THE ISSUE
OF DEFENDING HIS CASE. COUNSEL GOES ON TO STATE TO
THE TRIAL JUDGE HER REQUEST FOR PETITIONERS SENTENCE
DETERMINATION IS APPROPRIATE BECAUSE OF PETITIONER'S
CRIMINAL CONDUCT, HIS DRUG ADDICTION, AND HER OPPISION
OF PETITIONER HAVING A "COMPLICATING MENTAL ILLNESS".
THESE FACTS CONSTITUTE A REAL CONFLICT OF INTEREST
BETWEEN APPOINTED COUNSEL AND PETITIONER AND REVEALS
THAT PETITIONER WAS PREJUDICED TO HAVING EFFECTIVE
ASSISTANCE OF COUNSEL.

//
//

//
//

//
//

//

PETITION FOR WRIT OF HABEAS CORPUS — 6 (M) —

1    List. by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4    _____ [ ATTACHMENT PAGES ] _____

5    _____ '' _____

6    _____ '' . _____

7  Do you have an attorney for this petition?                    Yes_____    No _X_

8  If you do, give the name and address of your attorney:

9    _____ N/A _____

10    WHEREFORE. petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _April 20, 2008_

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

→ ATTACHMENT PAGE —

[CONT.] U.S v. SPARKS (9th Cir. 1996) 87 F.3d 276, 279 ;
GERSTIN V. PUGH (1975) 420 U.S. 103, 113-114, 120, 125 FN 26,
SEE pp. 120 FN 21; COUNTY OF RIVERSIDE V. McLAUGHLIN (1991)
500 U.S. 44, 56-58; KANEKOA V. HONOLULU (9th Cir. 1989)
879 F.2d 607, 610-611; (Id.) WILLIS V. CITY OF CHICAGO
(7th Cir. 1993) 999 F.2d 284, 288-289

CLAIM SEVEN: STRICKLAND V. WASHINGTON (1984) 466 U.S. 668,
682; CUYLER V. SULLIVAN (1980) 446 U.S. 335, 348 ; U.S. V.
DEL MURO (9th Cir. 1996) 87 F.3d 1078, 1080-1081

"
"
"
"
"
"
"
"
"
"
"
"
"
"
"
"
"
"
"
//

— ATTACHMENT PAGE —

— CASE CITATIONS RELATING TO CASE —

CLAIM ONE: STRICKLAND V. WASHINGTON (1984) 466 U.S. 668; U.S. V. CRONIC (1984) 466 U.S. 648; KIMMELMAN V. MORRISON (1986) 477 U.S. 365; MURRY V. U.S. (1988) 487 U.S. AT pp 542-544; PAYTON V. NEW YORK (1980) 445 U.S. 573, 587-589; U.S. V. VASEY (1987) 834 F.2d 782, 788-790; In re WILSON (1992) 3 Cal. 4th 945; PEOPLE V. MEDOZA (1997) 15 Cal. 264

CLAIM TWO: GERNSTIEN V. PUGH (1975) 420 U.S. 103, 125; COUNTY OF RIVERSIDE V. MC LAUGHLIN (1991) 500 U.S. 44, 56; STRICKLAND V. WASHINGTON (1984) 466 U.S. 668, 688, 694; SERRATO V. SUPERIOR COURT (1975) 76 Cal. App. 459, 464-466; LANDRUM V. SUPERIOR COURT (1981) 30 Cal. 3d 1, 6; PEOPLE V. ALVAREZ (1989) 209 APP. 3d 567, 574-575; IRVING V. SUPERIOR COURT (1979) 93 Cal. APP. 596, 600; CALLAWAY V. SUPERIOR COURT (1981) 118 Cal. APP. 150, 153-154; PEOPLE V. MACEY (1985) 176 Cal. App. 177, 184-186; PEOPLE V. KOWALSKI (1987) 196 Cal. App. 3d 174, 179; PEOPLE V. MARTINEZ (2000) 22 Cal. 4th 750, 766; PEOPLE V. LEDESMA (1987) 43 Cal. 3d 171, 216, 233; COLEMAN V. ALABAMA (1970) 399 U.S. 1, 11

CLAIM THREE: STRICKLAND V. WASHINGTON (1984) 466 U.S. 668; ~~COLLINS~~ U.S. V. CRONIC (1984) 466 U.S. 648; KIMMELMAN V. MORRISON (1986) 477 U.S. 365; CLAWFORD V. WASHINGTON (2004) 124 S.Ct. 1354, 1367-1368, 1374; MATTOX V. UNITED STATES (1895) 156 U.S. 237, 15 S.Ct. 337, 39 L.2d 409; OHIO V. ROBERTS (1980) 448 U.S., AT pp. 67-70; PEOPLE V. PAETLOW (1978) 84 Cal. App. 3d 540; THEODOR V. SUPERIOR COURT (1972) 8 Cal. 3d 77; BRADY V. MARRYLAND (1963) 373 U.S. 83.

— ATTACHMENT PAGE —

— CASE CITATIONS RELATED TO CASE I CONT. —


CLAIM FOUR: BRADY v. MARYLAND (1963) 373 U.S. 83, 87;
THOMAS v. GOLDSMITH (9th CIR. 1992) 979 F.2D 746, 749-50;
UNITED STATES V. BAGLEY (1985) 473 U.S. 667, 676-77;
GIGLIO v. U.S. (1972) 405 U.S. 150, 154; U.S. v. HANNA (8th CIR.
1995) 55 F.3D 1456, 1460-61; KYLES v. WHITLEY (1995) US S.Ct.
1555, 1567; U.S. v. WOOD (9th CIR. 1995) 57 F.3D 733, 737;
BROWN v. BORG (9th CIR. 1991) 951 F.2D 1011, 1015; UNITED STATES
BAGLEY (1985) 473 U.S. 667, 669-684; CALIFORNIA V. TROMBETTA
(1984) 467 U.S. 479, 488; HILLIARD v. SPALDING (9th CIR. 1983)
719 F.2D 1443, 1447.


CLAIM FIVE: MC CARTNEY v. COMMISSION ON JUDICIAL
QUALIFICATION (1974) 12 Cal. 3D 512, 531-552; SOLBERG
v. SUPERIOR COURT (1977) 19 Cal. 2D 182, 190; PEOPLE v. HALL (1974)
86 Cal. App. 3D 753; PEOPLE v. SUPERIOR COURT (HALL) 160 App. 3D
1081; IN RE JOSE S (1978) 78 Cal. App. 619, 627; VOIGT v.
SAVELL (9th CIR. 1995) 70 F.3D 1552, 1565; U.S. V. BAUER (9th 1996)
1549, 1560; U.S. v. BOSCH (9th CIR. 1991) 951 F.2D 1546,
1548-49.


CLAIM SIX: STRICKLAND v. WASHINGTON (1984) 466 U.S. 668,
U.S. v. CRONIC (1984) 466 U.S. 648; KIMMELMAN v. MORRISON
(1986) 477 U.S. 365, 385; MURRY v. CARRIER (1986) 477 U.S. 478,
496; BLACKBURN v. ALABAMA (1960) 361 U.S. 199,
205; CHAPMAN v. CALIFORNIA (1967) 386 U.S. 18, 23-24;
U.S. v. SALVUCCI (1980) 448 U.S. 83, 86-87; RAKAS v. ILLINOIS (1978)
439 U.S. 128, 134; RAWLINGS v. KENTUCKY (1980) 448 U.S. 98, 104-05;
U.S. v. MARION (1971) 404 U.S. 307, 322, 324, 325-26; U.S. LOVASCO
(1977) 431 U.S. 783, 789-90; U.S. v. GOUVEIA (1984) 467 U.S. 140, 182;

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

—

☐    LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

January 25, 2008

Eugene D. Rutledge   F-79385
High Desert State Prison
Facility B (Building B1, Cell 115)
P. O. Box 3030
Susanville, CA 96127-3030

### Re: S158052 – Rutledge (Eugene D.) on Habeas Corpus

Dear Sir:

We acknowledge receipt of your letter dated 1-20-2008. Please be advised that your petition for writ of habeas corpus received and filed 11-8-2007 is still pending. A copy of your petition is enclosed.

The California Rules of Court do not set a time limit within which the Supreme Court must act on habeas corpus petitions. The length of time the court requires to rule on such a petition depends on the complexity of the issues raised in the petition, and on the constraints imposed by the court's workload.

While we do not know in advance when the court will decide your case, a copy of the court's decision will be mailed to you the same day it is filed. Counsel is not appointed in these cases unless the court files an order to show cause. If such an order is filed, counsel would be appointed to represent you in any proceeding that may be scheduled.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: H. Miner, Deputy Clerk

HM/hm
Enclosures

Re-sent 1-29-08

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



☐  SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

November 15, 2007

Eugene Darrel Rutledge  # F-79385
San Quentin State Prison
San Quentin, CA   947974

     Re:  **S152658  - Letter dated November 5, 2007**

Dear Mr. Rutledge:

     In reply to your letter of November 5, 2007, received November 8, 2007, you are advised that your petition for writ of habeas corpus, was denied September 21, 2007.  I have attached a copy of the order for your review.

     Please be advised that we have added your successive papers of May 23, 2007 to case number S158052 which is currently pending at this time.  The California Rules of Court do not set a time limit within which the Supreme Court must act on habeas corpus petitions.  The length of time the court requires to rule on such a petition depends on the complexity of the issues raised in the petition, and on the constraints imposed by the court's workload.

     While we do not know in advance when the court will decide your case, a copy of the court's decision will be mailed to you the same day it is filed.  Counsel is not appointed in these cases unless the court files an order to show cause.  If such an order is filed, counsel would be appointed to represent you in any proceeding that may be scheduled.

               Very truly yours,

               FREDERICK K. OHLRICH
               Court Administrator and
               Clerk of the Supreme Court

               By:  Robert R. Toy, Deputy Clerk

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐    LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

February 8, 2008

M r. Eugene Darrel Rutledge
F-79385
P. O. Box 3030
Susanville, CA 96127-3030

### Re:    S158052 – In re  Eugene Darrel Rutledge on Habeas Corpus

Dear Mr. Rutledge:

      This is in response to your letter of February 3, 2008, received on February 7, 2008.  After checking our records, it shows that we never received your supplement dated November 25, 2007.  Please resubmit the supplement as soon as possible. Thank you.

      Very truly yours,

      FREDERICK K. OHLRICH
      Court Administrator and
      Clerk of the Supreme Court

      By: C. Thompson, Deputy Clerk

Enclosures

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—
☐    LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

February 20, 2008

Eugene Darrel Rutledge, F-79385
P.O. Box 3030
Susanville, CA  96127-3030

Re:    S158052/S160704 – In re Eugene Darrel Rutledge on Habeas Corpus

Dear Mr. Rutledge:

The court is in receipt of your letter dated February 13, 2008 in regard to the two above-referenced petitions. Enclosed are copies of both petitions. It is unclear from your letter whether you wish for these petitions to remain as two separate petitions or whether your intention was to submit the documents filed as new case S160704 as a supplement to the existing S158052. Please let this court know in writing by March 12, 2008 whether you wish to combine both filings under the case number S158052 or whether you wish to keep them as two separate petitions. If we do not hear from you by March 12, the cases will be kept as two separate petitions.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

*Bridget A. Newman*

By:    Bridget A. Newman
Paralegal

enclosure

rutledge.doc

S158052

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re EUGENE DARREL RUTLEDGE on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

SUPREME COURT
FILED

MAR 2 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

S160704                      **Docket Listing**                           Page 1 of 1

| | |
|---|---|
| **Case Number:** | S160704 |
| **Current Status:** | closed |
| **Case Title:** | RUTLEDGE (EUGENE D.) ON H.C. |
| **Start Date:** | 02/07/2008 |
| **Case Category:** | Original Proceeding - Habeas |

## Court of Appeals Case Information

## Lower Court Case Information

| **Party Information** | **Attorneys** |
|---|---|
| EUGENE DARREL RUTLEDGE<br>   Petitioner<br>   P. O. Box 3030<br>   Susanville, CA 96127-3030 | [None] |

## Docket Events

| **Date** | **Event** |
|---|---|
| 02/07/2008 | Petition for writ of habeas corpus filed<br>Eugene Darrel Rutledge, Petitioner in Pro Per |
| 02/19/2008 | Received:<br>Letter from petitioner, dated 2-13-08, re case S158052 |
| 02/20/2008 | Letter sent to:<br>petitioner, requesting clarification of his request by March 12. |
| 02/29/2008 | Received:<br>Letter from petitioner dated February 26, 2008<br>(copy mailed) |
| 03/04/2008 | Petition stricken (case closed)<br>The filing of the above-entitled petition for writ of habeas corpus<br>on February 7, 2008, is ordered stricken and it is now ordered<br>filed as a supplement to the petition for writ of habeas corpus in<br>(S158052) In re Eugene Darrell Rutledge on Habeas Corpus. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA


EUGENE DARREL RUTLEDGE

**PLAINTIFF or PETITIONER**


v.

A. FELKER, WARDEN OF HIGH DESERT
STATE PRISON ,

**Case Number:**

**Defendant or Respondent**


JERRY BROWN, ATTORNEY GENERAL OF
THE STATE OF CALIFORNIA ,

**PROOF OF SERVICE**


I hereby certify that on APRIL 20 , 20 08, I served a copy
of the attached   PETITION FOR WRIT OF HABEAS CORPUS APPLICATION TO PROCEED INFORMA PAUPERIS , by placing a copy in
a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope
in the United States Mail at SUSANVILLE, CALIFORNIA     :


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE, BOX 36060
SAN FRANCISCO, CA. 94102


AND


OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVE.
SAN FRANCISCO, CA. 94102


I declare under penalty of perjury that the foregoing is true and correct.

EUGENE DARREL RUTLEDGE
CDC F-74386
HIGH DESERT STATE PRISON
FACILITY B (BUILDING B1, CELL 115)
P.O. BOX 3030
SUSANVILLE, CA. 96127

HIGH DESERT STATE PRISON

OFFICE OF THE CLERK FOR THE
COURT OF THE NORTHERN DISTRICT
UNITED STATES DISTRICT OF CALIFO
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

STATE PRISON

RECEIVED
APR 25 2008

— LEGAL MAIL —

B1