Eugene Darrel Rutledge
CDC F-79385
High Desert State Prison
P.O. Box 3030
Susanville, CA. 96127

E-filing

**FILED**

APR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

CV 08 2193 CRB (PR)

RE: Petition for Writ of Habeas Corpus in the Federal Court and the Supreme Court of California Last Rulings on Petitions for Writ of Habeas Corpus filed in State Court.

Dear Justice(s) for the U.S. District Court:

I am now attempting to seek relief in the federal courts for the grounds stated within the Petition for Writ of Habeas Corpus sent to this court. This petition comes from the last denial from the Supreme Court of California. The grounds were not given in ruling on the merits. The last denial was given with the citing of California state cases In re Swain (1949) 34 Cal. 2D 300, 304; People v. Duvall (1995) 9 Cal. 4th 464, 474. Yet, here is a concern, I raised the same issues in this court as I did in the state court, but I am trying to avoid procedural default that can not be fairly attributed to me. Under the In re Swain, supra, the state court can dismiss claims that are not sufficiently specific, and the federal court agrees

- Rutledge File -

PAGE 1 OF 4

THAT THE CLAIM(S) BROUGHT IN THE STATE COURT WERE NOT ALLEGED WITH SPECIFICITY, THEN THE PETITIONER SHOULD FILE A NEW, MORE DETAILED, HABEAS CORPUS PETITION IN THE STATE COURT IN ORDER TO GET A DECISION ON THE MERITS. I FIND TWO THINGS THAT ARE UNCLEAR. FIRST THE FEDERAL COURT HAS NOT AGREED THAT THE CLAIMS BROUGHT IN THE STATE COURT WERE NOT SUFFICIENTLY SPECIFIC, SECOND, PETITIONER HAS BROUGHT ISSUES OF INEFFECTIVE ASSISTANCE ISSUES BEFORE THE COURT WHICH ONLY RECIEVED DENIAL ORDERS JUST PLAINLY STATING PETITION FOR WRIT OF HABEAS CORPUS DENIED WITH NO CITATION OF ANY CASE REFERING TO ISSUES BEING UNSPECIFIC (SUPREME COURT OF CALIFORNIA NO. S152658, S160704).

IN THE RECORDS OF THE STATE COURTS I HAVE GIVEN THAT COURT THE SAME ISSUES I AM PRESENTING BEFORE THIS FEDERAL COURT. THE ISSUES RAISED IN THE PETITION BEFORE THIS COURT WERE RAISED IN PETITION NO. S160704 WHICH WAS FILED FEBUARAY 7, 2008. HOWEVER THAT PETITION WAS ORDERED FILED AS A SUPPLEMENT TO PETITION NO. S158052 WHICH WAS FILED NOVEMBER 8, 2007 AND DENIED MARCH 26, 2008. I ASSERT THAT I HAVE EXHAUSTED OR COMPLIED TO THE EXHAUSTION REQUIREMENTS THAT ALLOW ME ACCESS TO SEEK RELIEF IN THIS COURT. BECAUSE THE STATE SUPREME COURT WAS PRESENTED ISSUES OF FEDERAL DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL VIOLATIONS. AND THE STATE COURT HAS DISMISSED CLAIMS FOR LACK OF PARTICULARITY AMOUNTS TO HOLDING CLAIMS THEMSELFS DEFECTIVE. (SEE CROTTS V. SMITH (9TH CIR. 1996) 73 F.3D 861, 865; KIM V. VILLALOBOS (9TH CIR. 1986) 799 F.2D 1317, 1319-20) AND THEREFORE I HAVE EXHAUSTED THE EXHAUSTION REQUIREMENT TO OBTAIN FEDERAL HABEAS REVIEW.

In the petition before this court, petitioner has raised every issue that contains framed federal constitutional violations and submitted them before the states supreme court where no adequate and independent state grounds is not adequately addressed in the state courts opinion (see Coleman v. Thompson (1991) 501 U.S. 722, 733-35; Siripong v. Calderon (9th Cir. 1994) 35 F.3d 1308, 1316-19; Hunter v. Aispuro (9th Cir. 1982) 982 F.2d 344, 346-47).

However if it is considered that the state's supreme court decision is found to be independent and adequate state ground(s), petitioner seeks to demonstrate a cause to allow federal habeas review. First, issues that are submitted in the state court, petitioner submitted them because the counsel of record for his direct appeal was not going to raise them. Second, petitioner's right to issues raised in the direct appeal is mooted to counsel decisions to make them or not. Notwithstanding just counsel of records refusal to litigate the federal constitutional violations before the state courts, petitioner has in case no: S152658, S158052; S160704 and now is trying to in this court because failure to review the claims would result in a fundamental miscarriage of justice to petitioner (Coleman v. Thompson (1991) 501 U.S. 722, 750).

As stated in the judgement of the federal court in no. C 07-3663 CRB (PR) order of dismissal. The court was aware of the filings of several petitions for writ of habeas corpus and/or prohibition in the state court (see case numbers of California Appellate courts no. A117294;

-Rutledge File-                                              Page 3 of 4

S152355; ~~[redacted]~~, ~~[redacted]~~; ~~[redacted]~~). THIS DISMISSAL ORDER WAS ISSUED July 23, 2007 BY CHARLES R. BREYER, UNITED STATES DISTRICT JUDGE WHO DISMISSED WITHOUT PREJUDICE TO REFILLING A NEW PETITION FOR WRIT OF HABEAS CORPUS AFTER ALL PENDING STATE POST-CONVICTION PROCEEDING ARE COMPLETED. PETITIONER SINCE MARCH 26, 2008 HAS DONE SO AND RESPECTFULLY SEEKS FEDERAL HABEAS REVIEW BY THIS COURT.

RESPECTFULLY

*[signature]*

EUGENE DARREL RUTLEDGE
PETITIONER

ENCLOSURES: LETTERS FROM THE COURT CLERK DATES NOVEMBER 15, 2007; JANUARY 25, 2008; FEBRUARY 8, 2008; FEBRUARY 20, 2008; SUPREME COURT OF CALIFORNIA DOCKET LISTING FOR NO. S160704; SUPREME COURT OF CALIFORNIA PETITION DENIAL FOR NO. S158052; UNITED STATES DISTRICT COURT ORDER OF DISMISSAL OF July 23, 2007 BY U.S. DISTRICT JUDGE CHARLES R. BREYER.
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
" 
"

→ RUTLEDGE FILE →

PAGE 4 OF 4